# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTEL CLARK and CARMELTA CLARK,

    Plaintiffs,

vs.                                                              No. CIV 04-744  JB/WDS

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION
LOCAL UFCW 951,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Vacate and Set Aside the Default Judgment Entered Against the United Food and Commercial Workers International Union, file August 23, 2004 (Doc. 10). The issue is whether the Court should vacate and set aside the default judgment against a defendant that represents it received no notice of this action before a judgment was entered. Because the Court finds that the United Food and Commercial Workers International Union ("International") was not properly served, and because the Court thus did not have jurisdiction over the International, the Court will grant the International's motion and will vacate and set aside the default judgment entered against the International.

## PROCEDURAL BACKGROUND

This is not the first action that the Plaintiffs, Antel Clark and Carmelta Clark (the "Clarks"), have filed against UFCW Local 951 ("951"). In May, 2003, the Clarks filed a similar lawsuit against Meijers Inc. and Meijers Stores Limited Partnership (the "Meijers Defendants") and "United Food and Commercial International Union UFCW Local 951." See Case No. 03-553 JP/RLP. The

Honorable James A. Parker, then Chief Judge, filed an order granting the Meijers Defendants' motion to dismiss for lack of personal jurisdiction on July 30, 2003.

On July 30, 2003, Judge Parker filed an order in the previous lawsuit, see No. Civ. 03-553 JP/RLP, setting aside the Clerk's Order of Default and denying the Clarks' motion for a default judgment. In that order, Judge Parker noted that the Clarks had obtained a Clerk's Entry of Default, despite that their service was inadequate under rule 4(h)(1) of the Federal Rules of Civil Procedure. Judge Parker directed the Clarks to properly serve the Local by September 5, 2003, and admonished them to observe rule 11 in all subsequent filings. Subsequently, on September 16, 2003, Judge Parker filed an order dismissing the Local without prejudice for the Clarks' failure to serve the Local in the time limit specified in the previous order.

The Clarks filed the Complaint in this case on July 1, 2004. The Complaint lists as Defendants "United Food and Commercial Workers International Union Local UFCW 951." The caption refers to two separate entities as though they were one: UFCW Local 951 ("951"), an unincorporated labor association located in Grand Rapids, Michigan, and the International, a separate unincorporated labor association headquartered in Washington, D.C. It is not clear from the caption of the Clarks' Complaint that the International is a party to the action. The Complaint does not clarify whether they seek redress against the Local or the International.

The proof of service of the Complaint in this case alleges that Plaintiff Carmelita Green-Clark "served copies of this Complaint via personal delivery on all parties of record at their perspective addresses below," but gave the Court's address as the parties' address. By way of contrast, in their previous complaint, the Clarks provided the actual addresses of the Local and the Miejers Defendants.

Subsequently, the Clarks filed an application to proceed in forma pauperis and a proposed order. See Financial Affidavit, Application to Proceed In Forma Pauperis and Order (28 U.S.C. § 1915), filed July 13, 2004 (Doc. 4). The Court granted that motion and signed the order. See id. at 4. The Court also included an order directing the United States Marshal to serve the Defendants. See id. at 5. On August 5, 2004, a return of service was filed that had been executed on July 16, 2004. See Return of Service, filed August 5, 2004 (Doc. 5). That Return of Service indicated that the U.S. Marshal served "Karin Hopman, Director of Finance." According to the return of service, the service was to be performed on the "United Food and Commercial Workers" at 3310 Eagle Park NE, Grand Rapids, MI 49525.

The Defendant represents that it will establish through the submission of evidence on this motion, if necessary, that Karin Hopman is the director of finance of the Local and has no relationship with, or position in, the International. Nor has she been appointed an agent for service of process for the International. Further, the address indicated in the return of service is the Local's address and not the International's address, which is in Washington, D.C.

The Defendant will establish through the submission of evidence on this motion, if necessary, that the International has not been served in relation to this case and first learned of the lawsuit when the Clarks sent a letter dated August 16, 2004, to Joseph Hanson, President of the International, demanding payment on the default judgment.

On August 9, 2004, the Clarks filed a motion for entry of default judgment under the caption "United Food and Commercial Workers International Union (UFCW)," which caption, unlike that of the Complaint, makes no mention of the Local. The Clerk filed an entry of default on the same day, and the Court filed a default judgment on August 11, 2004 under the caption "United Food and

-3-

Commercial Workers International Union." The Court thereafter amended its default judgment to clarify that judgment could only be entered as to liability and not as to damages. See Amended Order, filed August 24, 2004 (Doc. 11).

The United Food and Commercial Workers International Union appears specially for the limited purpose of challenging the Court's jurisdiction to enter a default judgment against the without service of process or notice of the claim. The Union does not concede, by this limited entry of appearance and by filing the motion to set aside and vacate the default judgment against it, that the Court has personal jurisdiction over it to adjudicate the Clarks' complaint or that it is a proper party to this case. Nor does the Union waive any of its jurisdictional objections by entry of this special appearance. The Union moves the Court to vacate and set aside as void the default judgment entered against the Union on August 11, 2004.

If the Court sets aside the default judgment, and if the International is properly served under rule 4, the International intends to file a motion to dismiss for lack of personal jurisdiction under rule 12(b)(2).

## LAW REGARDING DEFAULT JUDGMENTS

Under rule 55(c), the court may set aside a default judgment "in accordance with Rule 60(b)." Rule 60(b), in turn, allows the court, "[o]n motion and upon such terms as are just," to set aside a default judgment when "(4) the judgment is void." Proper service of process under rule 4 is a prerequisite to the court's assertion of jurisdiction over a defendant. See Chester v. Green, 120 F.3d 1091, 1091 (10th Cir. 1997)("The first requirement of those rules [of civil procedure] is to obtain service on the defendants so the court would have jurisdiction over them."). A default judgment obtained without proper service of process offends due process and is void. See Peralta v. Heights

Med. Ctr., Inc., 485 U.S. 80, 84, 86 (1988)(noting that "a judgment entered without notice or service is constitutionally infirm" and that the Texas state courts cannot require a showing of a meritorious defense as an element of a bill of review to set aside the judgment); Texas Western Fin. Corp. v. Edwards, 797 F.2d 902, 906 (10th Cir. 1986)(noting that, due to a failure of service, "[t]he district court failed to acquire personal jurisdiction over [defendant]; thus, the default judgment is void.").

In Farnsworth & Chambers Co. v. Sheet Metals Workers International Association, Local 49, 125 F. Supp. 830 (D.N.M. 1954), the Honorable Waldo Rogers, United States District Judge, found, under similar facts, that service on the business agent of a local union did not effectuate service over the international organization of which the local union was a chartered member:

> Providing . . . that the service of a summons upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization, service by the Marshal, in this District, upon Brooks, as the business agent of Local 49, is good and sufficient service upon that Labor Union. Inasmuch, however, as there is not a sufficient connection between Local 49 and the Sheet Metal Workers International Association, and inasmuch as this Court has held that the Local, on the one hand, and the International Association, on the other, are each separate and autonomous legal entities, service upon Brooks, with the attempt to join by service as a defendant herein, an International Association is, ineffective, and the attempted service of the summons and the return of service of the summons is hereby quashed.

Id. at 834-35. See, e.g., Crouch v. Mo-Kan Iron Workers Welfare Fund, 740 F.2d 805, 810 (10th Cir. 1984)(refusing to hold international liable for local's alleged ERISA violations because the welfare plans were entirely the local's concern and "[t]here [was] no evidence in the record that the local union or its officers were acting on behalf of the international with respect to their actions toward plaintiff.").

## **ANALYSIS**

The Defendant does not waive its right to contest the Court's jurisdiction over its person by

filing a pre-answer motion to dismiss for lack of personal jurisdiction under rule 12(b)(2). Assuming that the Clarks properly served the Local, such service does not effect proper service over the International. The Defendant represents that it will establish through the submission of evidence on this motion, if necessary, that the relationship between the Local and the International in this case is virtually identical to the relationship between Local 49 and the Sheet Metal Workers International Association that Judge Rogers discussed in Farnsworth & Chambers. Accordingly, the judgment against the International is void.

**IT IS ORDERED** that the motion to set aside the default judgment against the Defendant United Food and Commercial Workers International is granted. The International may respond to the Complaint against it once proper service of process has been accomplished.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Antel Clark
Carmelita Clark
Socorro, New Mexico

    *Pro se Plaintiffs*

Shane Charles Youtz
Youtz & Valdez, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*