IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTEL CLARK and CARMELITA CLARK,

    Plaintiffs,

vs.                                                                              No. CIV 04-744 JB/WDS

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION
LOCAL UFCW 951,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on UFCW Local 951's Motion to Dismiss for Lack of Personal Jurisdiction, filed August 25, 2004 (Doc. 12).[1] The Court held a hearing on this motion on September 2, 2004.[2] The issue is whether the Court can exercise personal jurisdiction over the Defendant, Local 951. Because there is no allegation that the alleged wrongs occurred in New Mexico, or that Local 951 transacted business in New Mexico, the Court will grant the motion in part and deny it in part and dismiss the Complaint against Local 951 without prejudice.

---

[1] The Court notes that the Plaintiffs represented to the Court that they did not wish to file a response to either this motion or the Defendant's Motion to Vacate and Set Aside the Default Judgment Entered Against the United Food and Commercial Workers International Union, filed August 23, 2004 (Doc. 10).

[2] The Plaintiffs did not attend the hearing. The Court notes that beginning August 25, 2004, the Plaintiffs called a number of times to request that the Court set a hearing beginning August 25, 2004. The Court called the Plaintiffs on August 31, 2004 to alert them that it would be setting a hearing on the Defendants' motions. The Plaintiffs indicated that they did not wish to attend a hearing on the Defendants' motions, but wished to meet with the Court individually regarding their case. The Court issued a written notice of the hearing on the Defendants' motions on August 31, 2004. Because both parties receive Court notices by mail, the Court also contacted both parties by telephone to ensure that the parties received notice and were aware of the time, date, and location of the hearing.

**PROCEDURAL BACKGROUND**

In May 2003, the Plaintiffs, Antel and Carmelita Clark filed a similar lawsuit against Meijers Inc. and Meijers Stores Limited Partnership (the "Meijers Defendants") and "United Food and Commercial International Union UFCW Local 951." See Case No. Civ. 03-552 JP/RLP. The Honorable James A. Parker, then Chief Judge, United States District Court, filed an order on July 30, 2003, granting the Meijers Defendants' motion to dismiss for lack of personal jurisdiction. On July 30, 2003, Judge Parker filed another order in the same case setting aside the Clerk's previous entry of default and denying the Clarks' motion for a default judgment.

In that July 30, 2003 order setting aside the entry of default, Judge Parker noted that the Clarks had obtained a Clerk's Entry of Default, despite that their service was inadequate under rule 4(h)(1). Judge Parker directed the Clarks to properly serve Local 951 by September 5, 2003, and admonished them to observe rule 11 in all subsequent filings. Judge Parker later, on September 16, 2003, filed an order dismissing Local 951 without prejudice for the Plaintiffs' failure to serve Local 951 in the time limit that the previous order specified.

The Clarks filed the Complaint in this case on July 1, 2004. The Complaint's caption identified the Defendants as "United Food and Commercial Workers International Union Local UFCW 951." The Complaint's caption thus refers to two separate entities as though they were one: Local 951, an unincorporated labor association located in Grand Rapids, Michigan, and the United Food and Commercial Workers International Union ("International"), a separate unincorporated labor association headquartered in Washington, D.C. The first paragraph of the Complaint, however, refers to the International. The Conclusion further identifies the International as the defendant against whom the Clarks seek redress. See Complaint at 13. Thus, despite the ambiguous caption, the

Complaint's body identifies the Defendant to be the International. A fair reading of the Complaint as a whole, therefore, is that Local 951 is not a defendant in this case.

On July 16, 2004, the Clarks served a copy of the Complaint in this case by U.S. Marshall on Local 951's office in Grand Rapids, Michigan. Despite not having served the International in this case, the Clarks obtained a default judgment against it on August 11, 2004.[3] The International filed a motion to set aside the default judgment on August 24, 2004. On September 2, 2004, the Court granted the motion to set aside the default judgment. See Memorandum Opinion and Order, filed September 2, 2004 (Doc. 14).

To the extent that the caption identifies Local 951 as a Defendant, Local 951 moves the Court to dismiss the Complaint against it. Local 951 appears specially for the limited purpose of challenging the Court's jurisdiction over it and moves the Court, pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Complaint for lack of personal jurisdiction.

## **LAW ON PERSONAL JURISDICTION**

Rule 4(k)(1)(A) establishes that service of a summons is effective to obtain jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Rule 4(k)(1)(B)-(D) list other grounds for jurisdiction not relevant to this matter. Thus, whether the Court has personal jurisdiction over Local 951 turns on whether a New Mexico state court would.

New Mexico state courts have jurisdiction over non-residents under the long-arm statute, NMSA 1978, § 38-1-16 (1971). The statute provides, in relevant part:

---

[3] The Court subsequently amended its entry of default judgment to clarify that the Court could not enter default judgment on damages, but only on liability. See Amended Order, filed August 24, 2004 (Doc. 11).

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state; [or]
>
> * * * *
>
> (3) the commission of a tortious act within this state;

NMSA 1978, § 38-1-16. New Mexico applies a three-part test to determine whether a foreign defendant is subject to the state's long-arm jurisdiction: (i) whether the defendant committed an act or omission provided in the long-arm statute; (ii) whether the plaintiff's cause of action arises out of the alleged jurisdictional acts or omissions; and (iii) whether the defendant has established sufficient minimum contacts with New Mexico to satisfy due process. See Terceto v. Roman Catholic Diocese of Norwich, Connecticut, 2002-NMSC-018, ¶ 8, 48 P.3d 50, 54. When the alleged jurisdictional acts are the transaction of business in the state or commission of a tortious act, the first and third parts of the test merge to become a single question of what due process allows. See id. The plaintiff must still show, however, his or her cause of action arise from those minimum contacts. See Customwood Mfg. v. Downey Constr. Co., 102 N.M. 56, 57, 691 P.2d 57, 58 (1984); Winward v. Holly Creek Mills, Inc., 83 N.M. 469, 471-72, 493 P.2d 954, 956-67 (1972).

New Mexico courts look to cases from the Supreme Court of the United States to determine the outer limit of what due process will allow. Thus, the Supreme Court of New Mexico held that, to satisfy due process, the contacts between the defendant and New Mexico "must be enough so that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" FDIC v. Hiatt, 117 N.M. 461, 463-64, 872 P.2d 879, 881-82 (1994)(quoting International Shoe Co.

v. Washington, 326 U.S. 310, 316 (1945)). Further, "before personal jurisdiction can be exercised, 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the State, thus invoking the benefits and protections of its laws.'" Id. at 464, 872 P.2d at 882 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Finally, although "it is essential that the defendant's conduct and connection with the forum state be such 'that he should reasonable anticipate being haled into court there' . . . 'foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.'" FDIC v. Hiatt, 117 N.M. at 464, 872 P.2d at 882 (quoting World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 297 (1980)). New Mexico courts have described Hanson v. Denckla's purposeful availment test as the "key focus" in analyzing minimum contacts questions. State Farm Mut. Ins. Co. v. Conyers, 109 N.M. 243, 245, 784 P.2d 986, 988 (1989).

## ANALYSIS

The Clarks have not alleged in their Complaint that Local 951 has committed any tortious acts in New Mexico or that it transacts any business in the State. See Terceto v. Roman Catholic Diocese, 2002-NMSC-018, ¶ 5, 48 P.3d at 53-54 (holding that the party asserting jurisdiction over a foreign defendant has the burden of establishing that fact); Aetna Cas. & Sur. Co. v. Bendix Control Div., 101 N.M. 235, 240, 680 P.2d 616, 621 (Ct. App. 1984)(holding that a plaintiff must plead at least "some factual basis for long-arm jurisdiction"). The Clarks appear to assert various violations of federal law stemming from Antel Clark's employment as a produce clerk at Meijers Stores Limited Partnership in Bellville, Michigan, and Local 951's representation of him as his union. See Complaint ¶¶ 3-10, at 2-3. Thus, any alleged tortious activity on the part of Local 951 occurred in the state of Michigan and not in New Mexico. Furthermore, the complaint makes no assertion that Local 951,

which is located in Grand Rapids, Michigan, has, at any time, transacted business in New Mexico.

Because the Clarks' Complaint does not allege that Local 951 has committed a tortious act in New Mexico or that it transacts any business in the state, the Court does not have personal jurisdiction over it under the New Mexico Long-arm statute.  Furthermore, because Local 951 has not had any contact with New Mexico, it would violate due process to subject Local 951 to the Court's jurisdiction.

Local 951 asks the Court to dismiss the Complaint with prejudice.  At the hearing on this motion, however, Local 951 agreed that the proper course is for the Court to dismiss without prejudice.  The Court will, therefore, dismiss the case without prejudice.  If the Clarks have a complaint against Local 951, they should be able to bring it in Michigan.

**IT IS ORDERED** that the Defendant Local 951's motion to dismiss for lack of personal jurisdiction is granted in part and denied in part and the Complaint against Local 951 is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Antel Clark
Carmelita Clark
Socorro, New Mexico

    *Pro se Plaintiffs*

Shane C. Youtz
Youtz & Valdez, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*